UNION FREE SCHOOL DISTRICT No. 8, TOWN OF GREENBURGH, NEW YORK, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 37798.)

Court of Claims, July 10, 1962.

*Spencer & Tunstead* (*Richard H. Tunstead* of counsel), for claimant. *Louis J. Lefkowitz, Attorney-General* (*Robert Schwartz* of counsel), for defendant.

MELVIN H. OSTERMAN, J. This is a claim for the appropriation of a portion of claimant's property which is an upper grade elementary school located in the Town of Greenburgh, New York. The subject proceeding appropriated a strip of land along the frontage of claimant's property on Hillside Avenue and, in addition, two parcels in the north-northeast portion of the property.

The claimant urges this court to use the " substitution " theory of damages in making its award (*Brown* v. *United States,* 263 U. S. 78; *United States* v. *Board of Educ. of County of Mineral,* 253 F. 2d 760). In substance, the claimant alleges that the substitution method of damages whereby the court would

award the claimant a sum equivalent to the market value of another tract of land suitable for this school site, would be the proper method of determining damages. However, the court cannot agree with claimant's contention on the basis of the record in this claim.

The substitution theory of damages must necessarily presuppose two basic elements viz., that the claimant's use of its land before the taking was so complete that a partial appropriation rendered the whole useless thereby, requiring the claimant to purchase an entirely new parcel of land to conduct its activities, and, secondly, that there is no other method to determine the claimant's pecuniary loss. In the claim at bar both of these elements are missing in claimant's proof.

First, the school did not use its entire site for school purposes. The north-northeast portion of the property where the major portion of the appropriation took place was in its barren natural state; it was totally undeveloped, with rock outcrops, knolls and other topographical disadvantages, and had been in that condition since the time that the school bought the property. No educational use having ever been made of this portion of the property, the court cannot perceive how the claimant can allege that their use of the property before the taking was so complete that the appropriation of an unused portion rendered the entire site useless. That certain plans and educational programs were contemplated by the claimant at or about the time of appropriation cannot offset the fact that the site was not completely used. While these plans might have to be altered and other arrangements made, the fact remains that, at the time of the taking, the school site was considered marginal for that portion being used and, more important, the north-northeast portion taken in this proceeding was not and had never been developed for school use. It therefore remains undisputed that the school could continue the very same activities and programs on this site after the taking as it had before the taking.

Secondly, the claimant's appraiser and architect computed the value of the building by reproduction cost less depreciation and also valued the land by acre units. In arriving at a damage figure, direct and consequential damage was assessed and, particularly, consequential damage was assessed at a given percentage. All this would indicate to the court that in the claimant's own mind the damages sustained are susceptible of computation and that the court need not resort to the substitution method as being the only method by which claimant's damages can be equitably determined. Indeed, the claimant presents the court with one figure ($368,300) as being the measure of

damages arrived at by computing direct and consequential damage to the land and building and another figure ($190,000) as the amount necessary to purchase an adjoining tract of land. By admitting an alternative to the substitution method, the claimant must necessarily concede the validity of the usual before and after value method of assessing damages. The court also notes that the " price " of the adjoining tract of land upon which the substitution computation was made was merely the opinion of claimant's expert after recent conversations with the adjoining land owner which could be best described as preliminary negotiations for purchase and was in no way established to be the market value of that land as of the date of this taking.

The court, therefore, will award damages to the claimant as indicated in the findings of fact and conclusions of law which accompany this memorandum on the basis of the court's opinion of the value of the subject property before and after the appropriation with due regard to the direct and consequential damage suffered by the claimant.